IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT EARL ROBINSON,

                Plaintiff,                           ORDER

v.

                                                  21-cv-722-wmc

ANTHONY JOHNSON,

                Defendant.

*Pro se* plaintiff Robert Earl Robinson is incarcerated at the Wisconsin Resource Center. He is proceeding on Eighth Amendment medical care and failure to protect claims against defendant Anthony Johnson. Specifically, Robinson alleges that Johnson ignored him and denied him medical services after he cut his arm and choked himself with a sheet in September of 2021. This order addresses Johnson's motion to compel Robinson to sign an authorization to release his medical records or to dismiss this case for his failure to cooperate in discovery. (Dkt. #30.)

After Robinson filed this lawsuit, he was released on extended supervision. Johnson contends that his first attempt to serve his document request on Robinson was returned as undeliverable, so defense counsel contacted Robinson's parole officer. That officer forwarded the discovery request to Robinson at his last known address, and told Robinson that Johnson was trying to mail him a document. (Dkt. #32.) Even so, the post office returned that mailing as undeliverable as well. Johnson then sent Robinson a letter to confer in good faith, along with another copy of the medical authorization form, but Johnson received no response.

Johnson is entitled to defend himself by collecting information about Robinson's medical and psychological history before and after the self-harm incident at issue in this lawsuit. Robinson does not dispute the point and maintains that he is willing to cooperate in discovery. (Dkt. #39.) But since Johnson filed his motion, Robinson has been detained and has moved between institutions. He also asserts that his parole agent was not who defense counsel contacted, so he was unaware of Johnson's attempts to contact him. (Dkt. #39.) Taking Robinson at his word, the court directed Johnson to serve his discovery request on Robinson at the jail. (Dkt. #40.) Robinson indicates that he mailed Johnson a signed medical record authorization form in April 2023, but Johnson still does not have it. (Dkt. ##41, 43, 44.)

Because the court cannot hold this case in stasis indefinitely, it will order that Robinson either file proof that he mailed the form to Johnson or immediately contact defense counsel regarding this issue and notify the court that he has done so. This is Robinson's final opportunity to respond to Johnson's discovery request or establish that he has responded. If Robinson does not respond to this order by the deadline indicated below, the court will dismiss this lawsuit without further notice both for his failure to follow this court's order and for his failure to prosecute under Federal Rule of Civil Procedure 41(b). Johnson may notify the court if he receives the signed medical authorization form before Robinson's response deadline, and the court will deny his motion as moot and reset the dispositive motions deadline.

ORDER

IT IS ORDERED that plaintiff has until **June 12, 2023**, to either file proof that he mailed a signed medical authorization form to defendant or to notify the court that he has contacted defense counsel to resolve the issue. If plaintiff does not respond to this order by June 12, the court will dismiss this case with prejudice.

Entered this 30th day of May, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge